UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                )
JESUS D. FUENTES,               )
                                )
        Petitioner,             )
                                )
    v.                          )    C.A. No. 23-379 WES
                                )
WAYNE T. SALISBURY, JR.,        )
                                )
        Respondent.             )
_____)

## <u>MEMORANDUM AND ORDER</u>

WILLIAM E. SMITH, District Judge.

Before the Court is Petitioner Jesus D. Fuentes's Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, ECF No. 15 ("Amended Petition"), as well as Respondent State of Rhode Island's Motion to Dismiss, ECF No. 16.  The Court has determined that no hearing is necessary.  For the following reasons, the Motion to Dismiss is GRANTED.

## I.   BACKGROUND

In June 2011, a Providence Superior Court jury convicted Fuentes of first-degree murder and for discharging a firearm while committing a crime of violence.  Am. Pet. 2; see <u>State v. Fuentes</u>, 162 A.3d 638, 639-40 (R.I. 2017).  The court imposed a statutorily mandated sentence of two consecutive life sentences.  Mem. L. Supp. Mot. Dismiss 1 ("Resp't's Mem."), ECF No. 16.

Fuentes thereafter appealed to the Rhode Island Supreme Court on the sole ground that the trial judge abused his discretion by failing to instruct the jury concerning eyewitness identification in accordance with State v. Werner, 851 A.2d 1093, 1102 (R.I. 2004). Am. Pet. 3; Resp't's Mem. 1-2. About five years later, the Supreme Court upheld the conviction, reasoning that the trial justice "provided the jurors with proper guidance as to the principles with which they would need to grapple in the course of their deliberations." Fuentes, 162 A.3d at 645.

Approximately three months after his unsuccessful appeal, Fuentes filed an application for post-conviction relief, and later a supplemental application, in the Providence County Superior Court. Am. Pet. 4; Resp't's Mem. 2. Fuentes asserted that his trial counsel violated his constitutional right to effective assistance by not procuring an expert in eyewitness identification. Resp't's Mem. 2. Moreover, Fuentes made a similar constitutional claim concerning his appellate counsel for failing to raise the issue that the trial justice erred in not providing a "mere presence" jury instruction. Id. The trial court denied Fuentes's application for post-conviction relief. See generally Fuentes v. State, No. PM-2017-4515 (R.I. Super. Ct. Oct. 18, 2021), ECF No. 16-2. Fuentes then filed a petition for writ of certiorari to the Rhode Island Supreme Court, and following briefing by both parties, the court summarily denied the petition on March 24, 2023.

2

Resp't's Mem. 3; see also Mot. Dismiss Ex. 4, Docket at 3, ECF No. 16-4.

Just over two months later, Fuentes filed a petition for habeas relief with this Court. Resp't's Mem. 3; see Pet. Writ Habeas Corpus, Fuentes v. Salisbury, No. 23-cv-00228 (D.R.I. 2023), ECF No. 1. The Court dismissed the petition because Fuentes had not exhausted his claim concerning the trial justice's denial of his request for funds to hire an eyewitness expert. Text Order, Fuentes v. Salisbury, No. 23-cv-00228 (D.R.I. Aug. 7, 2023). Fuentes then filed a motion to resubmit his remaining claims, which the Court denied. Text Order, Fuentes v. Salisbury, No. 23-cv-00228 (D.R.I. Aug. 24, 2023). The Court stated via text order that Fuentes could file a new case with the claims that he had properly exhausted. Id.

Accordingly, Fuentes commenced this petition based on his three remaining grounds for habeas relief: (1) ineffective assistance of trial counsel; (2) ineffective assistance of appellate counsel; and (3) judicial error in denying Fuentes's request for an eyewitness identification jury instruction.[1] Am. Pet. 6-10. The State moves for dismissal of the Amended Petition.

---

[1] Fuentes initially filed a petition that asserted an unexhausted claim. See generally Pet. Writ Habeas Corpus, ECF No. 1. Rather than dismissing the case, the Court permitted Fuentes to file an amended petition to cure the defect. Text Order (D.R.I. Feb. 22, 2024).

Mot. Dismiss.

## II.  LEGAL STANDARD

Federal courts may entertain applications for writs of habeas corpus from prisoners who are held in state custody in violation of federal law or the United States Constitution.  See 28 U.S.C. § 2254(a).  The Court's review is defined by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d).  AEDPA provides that, when a petitioner is "in custody pursuant to the judgment of a state court," federal courts may only grant relief if the state court proceedings:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  Ultimately, the purpose of AEDPA is to protect against extreme injustices in a state's criminal justice system while also "prevent[ing] federal courts from becoming 'vehicles for relitigating state trials.'"  Davis v. Coyne-Fague, No. 21-315, 2024 WL 496249, at *2 (D.R.I. Feb. 8, 2024) (quoting Sanna v. DiPaolo, 265 F.3d 1, 15 (1st Cir. 2001)), appeal filed, No. 24-1218 (1st Cir. Mar. 13, 2024).

When determining whether a decision "was contrary to, or involved an unreasonable application of, clearly established

Federal law," courts recognize two avenues for relief.[2]  See Bell v. Cone, 535 U.S. 685, 694 (2002).  A petitioner may establish that a state decision is "contrary to" established law when the "state court applies a rule different from the governing law set forth in [Supreme Court] cases, or if it decides a case differently than [the Supreme Court] has done on a set of materially indistinguishable facts."  Id. (citing Williams v. Taylor, 529 U.S. 362, 405-06 (2000).  Alternatively, a petitioner may seek relief for an "unreasonable application" of established law if the state court "'identifies the correct governing legal rule' [set forth in Supreme Court cases] but applies that rule unreasonably to the facts, such that 'there could be no fairminded disagreement on the question.'"  Davis, 2024 WL 496249, at *2 (quoting White v. Woodall, 572 U.S. 415, 425, 427 (2014)).

## III. DISCUSSION

As the basis of his Amended Petition, Fuentes contends that his attorneys provided ineffective assistance of counsel and that the trial justice abused his discretion.  Specifically, the Amended Petition asserts three grounds for relief: (1) ineffective assistance of trial counsel in violation of Fuentes's rights to due process, a fair trial, and effective assistance under the Sixth

---

[2] The Court refrains from stating the legal standard for 28 U.S.C. § 2254(d)(2) because the Amended Petition does not seek relief for an unreasonable determination of facts in light of the presented evidence.  See generally Am. Pet.

Amendment; (2) ineffective assistance of appellate counsel in violation of the Sixth Amendment right; and (3) abuse of discretion by the trial justice in denying Fuentes's request for an eyewitness identification jury instruction.

The Court first addresses Fuentes's ineffective assistance of counsel claims and then moves to his abuse of discretion claim.

### A. Grounds One and Two: Ineffective Assistance of Counsel

The United States Supreme Court has long recognized a right under the Sixth Amendment to effective assistance of counsel. See McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). To determine whether an individual received ineffective assistance, the Supreme Court established a two-prong inquiry in Strickland v. Washington, 466 U.S. 668 (1984). That test requires a petitioner to "demonstrate (1) that his counsel was actually deficient and (2) that such deficiency prejudiced the defense." McVeigh v. Rhode Island, No. 08-cv-082, 2008 WL 2977792, at *2 (D.R.I. July 14, 2008) (citing Strickland, 466 U.S. at 687).

The first Strickland prong requires a showing that counsel's representation was unreasonable considering all the circumstances. Id. (citing Strickland, 466 U.S. at 687-88). The bar for a petitioner is high, as there is a "strong presumption" that counsel acted in a manner that falls within the wide spectrum of reasonable assistance. Barrett v. United States, 965 F.2d 1184, 1193 (1st Cir. 1992) (quoting Strickland, 466 U.S. at 689). Further, courts

6

interpreting that presumption have held that "where it is shown that counsel's decisions were adequately informed strategic choices, such decisions are 'virtually unchallengeable.'" McVeigh, 2008 WL 2977792, at *2 (quoting Strickland, 466 U.S. at 690). A petitioner may rebut this presumption by "demonstrat[ing] that his counsel's error clearly 'resulted from neglect or ignorance rather than informed, professional judgment.'" Barrett, 965 F.2d at 1193 (emphasis omitted) (quoting United States v. Bosch, 584 F.2d 1113, 1121 (1st Cir. 1978)).

If a petitioner demonstrates deficient assistance of counsel, the second Strickland prong requires a showing that the petitioner's defense was materially prejudiced. McVeigh, 2008 WL 2977792, at *3. In Strickland, the Supreme Court explained "that counsel's errors [must be] so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." 466 U.S. at 687. As a result, a petitioner must demonstrate a "substantial, not just conceivable" likelihood that the result of the proceeding would have been different had counsel not acted in an ineffective manner. Hensley v. Roden, 755 F.3d 724, 736 (1st Cir. 2014) (quoting Harrington v. Richter, 562 U.S. 86, 112 (2011)).

Lastly, the Court must afford heightened deference under Strickland because it is reviewing a habeas petition. The Supreme Court has expressly instructed federal courts to apply a "doubly deferential" standard of review when assessing habeas petitions.

Burt v. Titlow, 571 U.S. 12, 15 (2013) (quoting Cullen v. Pinholster, 563 U.S. 170, 190 (2011)). That deferential standard is necessitated by the fact that the Court must provide the "benefit of the doubt" to both the defense attorney's representation under Strickland and to the state court's decision upholding such assistance under AEDPA. Id.

### 1. Ground One: Ineffective Assistance of Trial Counsel

Fuentes asserts that his trial counsel, Gary Pelletier, failed to provide effective assistance when he did not engage an eyewitness identification expert to testify at trial. Am. Pet. 6. He further states that Attorney Pelletier did not "inform the jury about the variables that are most likely to lead to a mistaken identification." Id.

Fuentes first raised this argument in his application for post-conviction relief in the Providence County Superior Court. Id. at 7. There, Judge Robert D. Krause – who also presided over Fuentes's criminal trial – denied the motion. See Fuentes v. State, No. PM-2017-4515, at 8. Judge Krause held that Attorney Pelletier provided reasonable assistance because he had, in fact, attempted to procure such an expert. Id. at 3. Judge Krause recounted that Attorney Pelletier, through no fault of his own, was unable to retain the expert because the court declined his request to use public funds for her expenses. Id. Further, Judge

Krause had informed Attorney Pelletier that he would likely exclude expert testimony on the issue, as the Rhode Island Supreme Court had long upheld the exclusion of such experts.  Id. at 4 (first citing State v. Porraro, 404 A.2d 465, 471 (R.I. 1979); then citing State v. Day, 898 A.2d 698, 707 (R.I. 2006); then citing State v. Gomes, 604 A.2d 1249, 1255 (R.I. 1992); then citing State v. Gardiner, 636 A.2d 710, 713-14 (R.I. 1994); then citing State v. Sabetta, 680 A.2d 927, 932-33 (R.I. 1996); and then citing State v. Martinez, 774 A.2d 15, 19 (R.I. 2001).

Here, the denial of the application for post-conviction relief was not contrary to and did not constitute an unreasonable application of established federal law.  In applying Strickland, Judge Krause engaged in a thorough and thoughtful analysis which revealed that Attorney Pelletier made the decision to proceed without expert testimony only after he took reasonable steps to obtain and present the expert.  See Fuentes v. State, No. PM-2017-4515, at 3-6.  Such conduct falls within the bounds of reasonableness as dictated by the Supreme Court, and therefore, Judge Krause was correct to deny the motion on such grounds.  See Harrington, 562 U.S. at 107 ("Counsel was entitled to formulate a strategy that was reasonable at the time and to balance limited resources in accord with effective trial tactics and strategies." (citing Knowles v. Mirzayance, 556 U.S. 111, 125-26 (2009)); see also Rodriguez v. Wall, No. C.A. 08-316S, 2008 WL 5377939, at *3-

4 (D.R.I. Dec. 23, 2008) (denying habeas relief for ineffective assistance of counsel because state court properly applied Strickland).

Further, even if Attorney Pelletier did not provide adequate representation, there is not a substantial likelihood that effective representation would have changed the result. As Judge Krause found, financial restrictions and the court's interpretation of Rhode Island law precluded Fuentes from presenting an eyewitness identification expert. Therefore, the performance of counsel likely had no bearing on Fuentes's ability to obtain and present an expert. See Davis, 2024 WL 496249, at *7 ("A showing of prejudice requires a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" (quoting Strickland, 466 U.S. at 694)).

Accordingly, Fuentes is not entitled to habeas relief on Ground One.

### 2. Ground Two: Ineffective Assistance of Appellate Counsel

Fuentes also seeks relief based on ineffective assistance from his appellate counsel, Lara Montecalvo.[3] He contends that Attorney Montecalvo should have argued on appeal that the trial

---

[3] Then-Attorney Montecalvo is now a Circuit Judge on the First Circuit Court of Appeals, having been confirmed in 2022.

justice abused his discretion by "refus[ing] to include a 'mere presence' admonition in the jury instructions." Am. Pet. 8.

Fuentes asserted the issue of ineffective assistance of appellate counsel in his application for post-conviction relief. Id. at 8-9. To address that argument, Judge Krause applied the Strickland test and stated the principle that appellate counsel "need not (and should not) raise every frivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." Fuentes v. State, No. PM-2017-4515, at 6 (quoting Page v. State, 995 A.2d 934, 943 (R.I. 2010)). He further noted that Fuentes had to demonstrate that the "mere presence" instruction argument "was not only meritorious, but clearly stronger than those issues that were actually raised on appeal." Id. (quoting Page, 995 A.2d at 943-44); see Smith v. Robbins, 528 U.S. 259, 288 (2000) (establishing the "clearly stronger" appeal argument standard).

Judge Krause held that Attorney Montecalvo provided effective assistance when she refrained from raising the "mere presence" issue. He noted that the "mere presence" instruction, which states that a defendant's mere presence at the scene of a crime is not sufficient to warrant a conviction, typically applies in cases involving several defendants where conspiracy or other joint ventures are alleged. Fuentes v. State, No. PM-2017-4515, at 6 (citing State v. Diaz, 654 A.2d 1195, 1202 (R.I. 1995)). Unlike

those cases, Fuentes's conviction hinged on his presence on the night in question and the state's eyewitness identification of him. Id. at 7. Therefore, Fuentes could not demonstrate that "mere presence" is the stronger of the issues because identification (or misidentification) "easily overbalanced the relevance and even usefulness, if any, of a mere presence instruction." Id.

Judge Krause's conclusion was not contrary to and did not constitute an unreasonable application of established federal law. As Judge Krause reasoned, the "mere presence" instruction had little application to Fuentes's defense because the critical issue leading to his conviction was whether the state's eyewitness correctly identified him at the scene of the crime. Id. Consequently, it was reasonable for Judge Krause to find that Fuentes could not demonstrate that a "mere presence" instruction argument was "clearly stronger" than the misidentification argument on appeal. See Smith, 528 U.S. at 288; Chalk v. Rhode Island, No. C.A. 09-31 S, 2010 WL 597463, at *9-11 (D.R.I. Feb. 16, 2010) (holding that appellate counsel's decision to omit argument was not objectively unreasonable).

For largely the same reasons, Judge Krause reasonably found that Fuentes could not establish the second prong of the Strickland test. Because the "mere presence" instruction was not applicable, Fuentes could not overcome the highly demanding burden of

establishing a substantial likelihood that the presentation of that issue on appeal would have resulted in a different outcome.[4] See Knight v. Spencer, 447 F.3d 6, 15 (1st Cir. 2006) (quoting Williams, 529 U.S. at 393).

Accordingly, Fuentes is not entitled to habeas relief on Ground Two.

### B. Ground Three: Abuse of Discretion by Trial Justice

#### 1. Habeas Relief Is Not Appropriate Because Petitioner Asserts an Error of State Law

Fuentes contends that the Rhode Island Supreme Court wrongly upheld the trial court's refusal to give the jury instruction on eyewitness identification set forth in State v. Werner, 851 A.2d 1093 (R.I. 2004). He argues that the trial justice abused his discretion because the trial outcome hinged on the testimony of the state's only eyewitness. Am. Pet. 9.

This Court must refrain from addressing whether the trial court misapplied then-existing state law. Federal courts only possess the authority to issue writs of habeas corpus when a state prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." Wilson v. Corcoran, 562 U.S. 1, 5 (2010) (quoting 28 U.S.C. § 2254(a)). In interpreting that

---

[4] Judge Krause posited "that even if the mere presence instruction had been included in the Court's final charge . . . , it would have had absolutely no impact on the jury's verdict and would not have changed the result of this case." Fuentes v. State, No. PM-2017-4515, at 8.

language, the United States Supreme Court has "repeatedly held that 'federal habeas corpus relief does not lie for errors of state law.'"  <u>Id.</u> (quoting <u>Estelle v. McGuire</u>, 502 U.S. 62, 67 (1991)). In other words, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." <u>Estelle</u>, 502 U.S. at 67-68.

Here, Fuentes may not obtain habeas relief because he only asserts a purported violation of state law.  The gravamen of his claim is that the trial judge, and later the Rhode Island Supreme Court, erred by not requiring a jury instruction that was purportedly necessitated by Rhode Island Supreme Court precedent. <u>See</u> Am. Pet. 9.  Such a claim falls squarely in the realm of state law jurisprudence which this Court is not authorized to reexamine. <u>See</u> <u>Coningford v. Rhode Island</u>, 640 F.3d 478, 484 n.4 (1st Cir. 2011) ("[A]n error of state law, without more, is not enough to warrant federal habeas relief." (first citing <u>Lewis v. Jeffers</u>, 497 U.S. 764, 780 (1990); and then citing <u>Puleio v. Vose</u>, 830 F.2d 1197, 1204 (1st. Cir. 1987))).

Accordingly, Fuentes is not entitled to habeas relief on Ground Three.

### 2. The Trial Judge's Refusal to Provide an Eyewitness Instruction Did Not Violate Fuentes's Constitutional Rights

For the sake of completeness, the Court addresses the constitutional claim that Fuentes asserted in his initial

14

Petition.   Fuentes contended that Judge Krause violated his Fourteenth Amendment rights to due process and a fair trial by refusing to provide the eyewitness jury instruction that the Rhode Island Supreme Court recognized in Werner.   Pet. 9.   This Court previously held that Fuentes failed to exhaust his administrative remedies because he did not raise this issue on appeal to the Rhode Island Supreme Court or in his application for post-conviction relief.[5]   Text Order (Feb. 22, 2024).   Fuentes amended his petition to exclude that claim.   See generally Am. Pet.

The rights to due process and a fair trial provide an

---

[5] On appeal to the Rhode Island Supreme Court, Fuentes asserted that a court's refusal of a required jury instruction always implicates constitutional principles because it deprives a defendant of a fair trial.   Reply Brief, State v. Fuentes, 162 A.3d 638 (R.I. 2017), 2016 WL 9460277, at *1 n.1.   Such an assertion is not accurate, as the state supreme court has recognized that omission of certain jury instructions does not always implicate constitutional issues.   See State v. Davis, 877 A.2d 642, 648 (R.I. 2005).   More importantly, Fuentes did not cite to or reference the United States Constitution, did not provide substantive arguments concerning any federal or state constitutional rights, and did not cite to federal or state cases addressing the constitutional right to a fair trial.   See generally Brief of Defendant-Appellant, Fuentes, 162 A.3d 638, 2016 WL 9460277; Reply Brief, supra note 5; see also Coningford, 640 F.3d at 482-83 (listing the factors that guide a court's analysis on exhaustion of constitutional claims).   Ultimately, Fuentes failed to place the state supreme court on notice of any constitutional arguments.   See Ziegler v. Crosby, 345 F.3d 1300, 1307 n.5 (11th Cir. 2003) (holding that petitioner did not exhaust fair trial claim because he did not cite federal cases or constitutional provisions in state court); Vargas v. Sec'y, Dep't of Corr., 373 F. Supp. 2d 1323, 1326 (M.D. Fla. 2005) (holding that petitioner did not exhaust constitutional claim based on purportedly erroneous jury instruction because he "made no reference to the federal constitutional issues raised here").

appropriate foundation to challenge a trial court's jury instructions. See Bly v. St. Almand, 9 F. Supp. 3d 137, 160 (D. Mass. 2014). Improper jury instructions, nonetheless, present an issue of state law that will generally not justify habeas relief. See Niziolek v. Ashe, 694 F.2d 282, 290 (1st Cir. 1982) (citing Cupp v. Naughten, 414 U.S. 141, 146 (1973)). As a result, courts recognize that habeas relief is only appropriate when "the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." Estelle, 506 U.S. at 72 (quoting Cupp, 414 U.S. at 147).

It is well settled that federal law does not require special jury instructions on eyewitness identifications. See, e.g., Reed v. Breitenbach, No. 21-cv-00942, 2023 WL 9057167, at *12 (D. Nev. Dec. 29, 2023), appeal filed, No. 24-476 (9th Cir. Jan. 29, 2024); Flowers v. Johnson, No. 18-4757, 2023 WL 2207407, at *7 (D.N.J. Feb. 24, 2023); Williams v. Romanowski, No. 06-CV-12670, 2008 WL 6875005, at *28 (E.D. Mich. Jan. 29, 2008). Although some jurisdictions now mandate or encourage such instructions, no court has ruled that special eyewitness instructions derive from the United States Constitution or from United States Supreme Court precedent. See Goode v. Mears, No. 18-1553, 2022 WL 684410, at *8 (D. Del. Mar. 8, 2022); cf. Perry v. New Hampshire, 565 U.S. 228, 245-48 (2012) (noting that "[t]he Court's unwillingness" to require such an instruction "takes account of other safeguards

16

. . . that caution juries against placing undue weight on eyewitness testimony of questionable reliability"). Consequently, the present state of the law is that eyewitness instructions are unnecessary so long as the trial judge adequately instructs the jury on assessing witness credibility and on the government's burden of proof. See, e.g., Cotton v. Armontrout, 784 F.2d 320, 322 (8th Cir. 1986); Muwwakkil v. Evans, No. CV 06-515, 2011 WL 902481, at *11-12 (C.D. Cal. Jan. 31, 2011).

Here, the Rhode Island Supreme Court's decision to uphold Fuentes's conviction did not violate his constitutional rights. That court held that Judge Krause provided adequate jury instructions because he instructed the jury on the presumption of innocence, the state's burden to prove guilt beyond a reasonable doubt, and on the facts that the jury may consider when assessing a witness's credibility. Fuentes, 162 A.3d at 645-46. Those findings firmly demonstrate that Judge Krause's refusal to provide a special eyewitness instruction did not implicate Fuentes's rights to due process and a fair trial under the present state of the law. See id.; see, e.g., Cotton, 784 F.2d at 322 (finding no constitutional error when instruction addressed credibility of witnesses and state's burden of proof).

Therefore, the Court would have been required to deny habeas relief on this basis even if Fuentes had exhausted his

17

constitutional rights argument.

**IV.  CONCLUSION**

For the foregoing reasons, the Court GRANTS the Respondent State of Rhode Island's Motion to Dismiss, ECF No. 16, and DENIES Petitioner Jesus D. Fuentes's Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, ECF No. 15.  Additionally, the Court DENIES as moot Fuentes's Motion to Appoint Counsel, ECF No. 19, and Fuentes's Motion for Evidentiary Hearing, ECF No. 20.


IT IS SO ORDERED.

William E. Smith
District Judge
Date: October 30, 2024


RULING ON CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court hereby finds that this case is not appropriate for the issuance of a certificate of appealability (COA) because Fuentes failed to make a substantial showing of the denial of a constitutional right as to any claim, as required by 28 U.S.C. § 2253(c)(2).  Fuentes is advised that any motion to reconsider this ruling will not extend the time to

18

file a notice of appeal in this matter.  <u>See</u> Rule 11(a), Rules

Governing Section 2254 Cases.