```
                UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF RHODE ISLAND
```

_____
                                   )
JESUS D. FUENTES,                  )
                                   )
          Petitioner,              )
                                   )
     v.                            )   C.A. No. 23-379 WES
                                   )
WAYNE T. SALISBURY, JR.,           )
                                   )
          Respondent.              )
_____)

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, Senior District Judge.

Before the Court is Petitioner Jesus D. Fuentes's Motion to Alter or Amend Judgment under Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion"), ECF No. 24, his Motion for Leave to Appeal in forma pauperis ("IFP Motion"), ECF No. 26, and Magistrate Judge Lincoln D. Almond's Report and Recommendation ("R. & R."), ECF No. 29, which recommends that the IFP Motion be denied.  The Court has determined that no hearing is necessary.  For the reasons below, both motions are denied and the R. & R. is adopted in full.

I.   BACKGROUND

Fuentes is a state prisoner seeking federal habeas relief. See Mem. & Order 1-3 (Oct. 30, 2024), ECF No. 22.  In April 2024 he filed an Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Amended Petition"), ECF No. 15.  The Amended Petition made three claims for relief.

First, Fuentes argued that he received ineffective assistance of counsel from his trial counsel, who neither engaged an expert on eyewitness identification to testify at trial nor "inform[ed] the jury about the variables that are most likely to lead to a mistaken identification." Am. Pet. 6. Second, Fuentes claimed that he also received ineffective assistance from his appellate counsel, who, according to Fuentes, should have argued on appeal that the trial justice abused his discretion by "refus[ing] to include a 'mere presence' admonition in the jury instructions." Id. at 8. Finally, Fuentes argued that the trial justice abused his discretion when — allegedly in violation of state law — he denied Fuentes's request for a jury instruction on eyewitness identification. Id. at 9.

In his initial Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, ECF No. 1, Fuentes argued that denying his request for the instruction also violated his Fourteenth Amendment rights. He excluded this argument from his Amended Petition, however, because the Court found that he had failed to exhaust his state court remedies with respect to that particular claim. Text Order (Feb. 22, 2024); see also Mem. & Order 14-18 (Oct. 30, 2024).

The State filed a motion to dismiss the Amended Petition — which the Court granted — on the ground that none of Fuentes's

claims entitled him to federal habeas relief. Mem. L. Supp. Mot. Dismiss Am. Pet., ECF No. 16; Mem. & Order 10, 13, 14 (Oct. 30, 2024). In its Order granting the Motion to Dismiss and denying the Amended Petition, the Court also addressed the merits of Fuentes's unexhausted Fourteenth Amendment claim and stated that, even if Fuentes had exhausted his state court remedies with respect to that claim, he would not have been entitled to relief. Mem. & Order 14-18 (Oct. 30, 2024). The Court further concluded that "this case is not appropriate for the issuance of a certificate of appealability (COA) because Fuentes failed to make a substantial showing of the denial of a constitutional right as to any claim, as required by 28 U.S.C. § 2253(c)(2)." Id. at 18.

Two weeks after the Court entered judgment dismissing the case, Fuentes timely filed his Rule 59(e) Motion, on November 13, 2024. Judgment (Oct. 30, 2024), ECF No. 23; R. 59(e) Mot. A week after that, Fuentes filed a Notice of Appeal, ECF No. 25, along with the IFP Motion, ECF No. 26. The Court referred the IFP Motion to Magistrate Judge Lincoln D. Almond, who recommended the motion be denied because the Court had already determined that the case did not merit a COA. R. & R. 1-2 (Nov. 22, 2024), ECF No. 29. More recently, on December 6, 2024, the U.S. Court of Appeals for the First Circuit advised Fuentes that his Notice of Appeal would not become effective until this Court disposed of the Rule 59(e)

Motion. Order 1st Cir. (Dec. 6, 2024), ECF No. 31. The First Circuit also directed this Court to forward its decision on the Motion forthwith. Id.

## II. DISCUSSION

### A. Rule 59(e) Motion

Rule 59(e) motions to alter or amend a judgment are permitted in federal habeas proceedings under 28 U.S.C. § 2254. Banister v. Davis, 590 U.S. 504, 517, 521 (2020). The standard for granting a Rule 59(e) motion, however, is difficult to meet, and that is before one considers the narrow grounds for relief available under § 2254. According to the First Circuit, "Rule 59(e) relief is granted sparingly, and only when 'the original judgment evidenced a manifest error of law, if there is newly discovered evidence, or in certain other narrow situations.'" Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014) (quoting Glob. Naps, Inc. v. Verizon New Eng., Inc., 489 F.3d 13, 25 (1st Cir. 2007)). As applied to federal habeas proceedings under § 2254, the "original judgment" that is the focus of a Rule 59(e) motion refers not to the state court's adjudication of a petitioner's claim for post-conviction relief, but rather to the federal court's review of those state court proceedings. When a § 2254 petitioner files a motion to alter or amend a judgment under Rule 59(e), the federal court must therefore look in the mirror and determine whether, to

4

cite one ground for Rule 59(e) relief as an example, its review of the state court proceedings evidenced a manifest error of law.  In other words, the federal court must review its review of the state court proceedings, which, it bears repeating, were in themselves a collateral review of the judgment in the original criminal case.

Therefore, § 2254 petitioners who seek Rule 59(e) relief must account for not only the standard of review on a Rule 59(e) motion but also, cradled within that review, the standard for relief under § 2254.  As the Supreme Court has explained, § 2254 imposes a "highly deferential standard for reviewing claims of legal error by state courts" on their federal counterparts.  Burt v. Titlow, 571 U.S. 12, 18-19 (2013).  A federal court should only grant habeas relief under § 2254 when the state court's adjudication of the claim resulted in a decision that was either "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings." 28 U.S.C. § 2254(d)(1), (2).  Putting the two standards together, a § 2254 petitioner who files a Rule 59(e) motion must demonstrate that the federal court — again, to cite one ground for Rule 59(e) relief as an example — made a manifest error of law when, applying a highly deferential standard of review to the state court

proceedings, it found that the state court did not commit legal error.

With these standards in mind, the Court turns to the merits of Fuentes's Rule 59(e) Motion. Fuentes argues that the Court, in denying his Amended Petition and dismissing the case, made two errors of law that warrant an amended judgment. First, he contends that the Court erred when it "endorsed the finding of the Rhode Island courts" that the failure of his trial counsel to engage an eyewitness-identification expert did not amount to ineffective assistance of counsel. R. 59(e) Mot. 2-3. Second, he contends that the Court erred in declining to review whether the state trial justice abused his discretion by not giving the jury instruction on eyewitness identification set forth in State v. Werner, 851 A.2d 1093 (R.I. 2004). Id. at 4-5.

The Court finds that it did not make a manifest error of law with respect to either claim. A manifest error is one that is so "plainly and indisputably wrong" that it "amount[s] to a complete disregard of the controlling law." Salmon v. Lang, 57 F.4th 296, 326 (1st Cir. 2022) (alterations and internal quotation marks omitted) (quoting Venegas-Hernandez v. Sonolux Recs., 370 F.3d 183, 195 (1st Cir. 2004)). The Court first considers its review of the state court's adjudication of the ineffective assistance claim. As mentioned in the Order denying Fuentes's Amended

Petition, the trial justice presided over both Fuentes's criminal trial and his application for post-conviction relief. Mem. & Order 8 (Oct. 30, 2024). Applying the appropriate standard of review, the Court found that the denial of Fuentes's ineffective assistance claim was not contrary to and did not constitute an unreasonable application of clearly established federal law. See Mem. & Order 8-10 (Oct. 30, 2024); 28 U.S.C. § 2254(d)(1); see also Burt, 571 U.S. at 15 (describing "doubly deferential" standard of review applied to ineffective assistance claims in § 2254 context). As the Court discussed at length in its Order denying the Amended Petition, the trial justice reasonably applied the two-part test for reviewing ineffective assistance of counsel claims that the Supreme Court established in Strickland v. Washington, 466 U.S. 668 (1984), and has expounded upon in subsequent cases. See Mem. & Order 8-10 (Oct. 30, 2024).

In his Rule 59(e) Motion, Fuentes now contends that the trial justice misapplied Strickland and should have held an evidentiary hearing, which would have enabled Fuentes to demonstrate that his attorney's failure to engage an eyewitness-identification expert "clearly resulted from neglect or ignorance rather than informed, professional judgment." R. 59(e) Mot. 2-3. The Court, however, is confident in its review of the trial justice's application of Strickland and related caselaw. As for whether an evidentiary

7

hearing should have occurred, Fuentes makes no allegations in support of his claim that his attorney's conduct at trial resulted from neglect or ignorance, which undermines his assertion that an evidentiary hearing would have made a difference. See id. Moreover, according to the decision denying Fuentes's application for post-conviction relief, Fuentes agreed that the court could decide the matter based on the parties' submissions (of which there were several) "without convening a hearing." Fuentes v. State, No. PM-2017-4515, at 1-2 (R.I. Super. Ct. Oct. 18, 2021). In any event, "at least in the absence of exceptional circumstances, a party may not advance new arguments in a [Rule 59(e) Motion] when such arguments could and should have been advanced at an earlier stage of the litigation." Caribbean Mgmt. Grp., Inc. v. Erikon LLC, 966 F.3d 35, 45 (1st Cir. 2020). Because the Court finds that its review of the denial of Fuentes's ineffective assistance claim did not evidence a manifest error of law, Fuentes is not entitled to Rule 59(e) relief on this ground.

The Court now turns to its decision not to review Fuentes's claim that the trial justice abused his discretion by refusing to give the jury instruction on eyewitness identification set forth in State v. Werner, 851 A.2d 1093 (R.I. 2004). See Mem. & Order 13-14 (Oct. 30, 2024); Am. Pet. 9-10. As the Court explained in its Order denying the Amended Petition, reviewing this claim would

have required the Court to "reexamine state-court determinations on state-law questions," which it is not authorized to do. Mem. & Order 13-14 (Oct. 30, 2024) (quoting Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)). Nevertheless, Fuentes contends in his Rule 59(e) Motion that an "[e]rror of state law in refusing to provide the jury with an eyewitness jury instruction to adequately cover the law is enough to warrant federal habeas relief." R. 59(e) Mot. 4. As support, he cites Perry v. New Hampshire, 565 U.S. 228 (2012), in which the Supreme Court identified eyewitness jury instructions as one of several protections that "caution juries against placing undue weight on eyewitness testimony of questionable reliability." Perry, 565 U.S. at 245-46; R. 59(e) Mot. 4. He also refers to several federal appellate and state supreme courts that either recommend or require eyewitness jury instructions in certain circumstances. R. 59(e) Mot. 4-5.

Neither Perry nor the examples that Fuentes provides in his Rule 59(e) Motion support his contention that the Court should, let alone could, have reviewed the state court's alleged misapplication of state law. Furthermore, to the extent that Fuentes argues by implication that the decision not to provide an eyewitness jury instruction violated his rights to due process and a fair trial, this argument is not properly before the Court because Fuentes failed to exhaust his state court remedies as to

9

that specific claim. Text Order (Feb. 22, 2024). If, as it did in the Order denying the Amended Petition, the Court nonetheless considered this argument "for the sake of completeness," it would find that Fuentes is not entitled to Rule 59(e) relief on this ground, either. Mem. & Order 14-15 (Oct. 30, 2024). For one, although the Perry Court referred to special jury instructions as a safeguard against the fallibility of eyewitness testimony, such instructions were not the focus of that case, and the Court did not create a due process rule requiring them. See Perry, 565 U.S. at 236, 246-47. Moreover, although Fuentes notes that several federal appellate courts recommend the use of eyewitness jury instructions in some circumstances, R. 59(e) Mot. 4-5, § 2254 asks the reviewing court to determine whether the state court proceedings resulted in a decision that was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined" not by the U.S. Courts of Appeals, but by "the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Accordingly, because the Court finds that declining to review Fuentes's abuse of discretion claim did not amount to manifest legal error, he is not entitled to Rule 59(e) relief on that ground.

    **B. IFP Motion**

Fuentes timely objected to Magistrate Judge Almond's Report

and Recommendation, which recommended that Fuentes's IFP Motion be denied because the Court had already found that the case did not merit a COA. See Obj. R. & R. 1, ECF No. 32; R. & R. 2 ("Because the Court has determined that Mr. Fuentes is not entitled to appeal at all, he is not entitled to appeal IFP."). The Court agrees with this reasoning and therefore denies the IFP Motion.

When reviewing an objection to a Report and Recommendation, the Court "shall make a de novo determination of those portions of the report . . . to which objection is made" and "may accept, reject, or modify . . . the findings or recommendations [of] the magistrate judge." 28 U.S.C. § 636(b)(1); see also Díaz-Alarcón v. Flández-Marcel, 944 F.3d 303, 312 (1st Cir. 2019). In this case, Fuentes's objection does not concern a specific portion of the Report and Recommendation so much as it takes issue with the Court's underlying COA determination on which the reasoning in that document rests. To obtain a COA, a habeas petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong." Slack

11

v. McDaniel, 529 U.S. 473, 484 (2000).

After reviewing Fuentes's submissions and relevant portions of the record, the Court still finds that Fuentes has not made a substantial showing of the denial of a constitutional right and, therefore, he is not entitled to a COA.  That determination is dispositive of Fuentes's IFP Motion, for as Judge Almond observed, if Fuentes may not appeal at all, then whether he may appeal IFP is a moot question.  See R. & R. 2.  Accordingly, although Fuentes's IFP Motion satisfies the requirements of Federal Rule of Appellate Procedure 24, see id. at 1, the Court finds that he should not be granted leave to appeal IFP.  Regarding the Court's denial of a COA in this case, Fuentes may request a certificate from the U.S. Court of Appeals for the First Circuit.  Fed. R. App. P. 22(b)(1).

## III. CONCLUSION

For the foregoing reasons, the Court DENIES Petitioner Jesus D. Fuentes's Motion to Alter or Amend Judgment under Federal Rule of Civil Procedure 59(e), ECF No. 24, ADOPTS IN FULL the Report and Recommendation, ECF No. 29, and DENIES the Motion for Leave to Appeal <u>in forma pauperis</u>, ECF No. 26.

IT IS SO ORDERED.

/s/ Wesmith
_____

William E. Smith
Senior District Judge
Date: February 13, 2025